**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY HODGES, | No.   14-17438 |
| Plaintiff-Appellant, | D.C. No.<br>1:12-cv-00420-LEK-BMK |
| v. | |
| CGI FEDERAL DEFENSE &<br>INTELLIGENCE and RICHARD V.<br>SPENCER, Secretary, Department of the<br>Navy, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 13, 2018
Honolulu, Hawaii

Before:  O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Rodney Hodges appeals from the district court's grant of summary judgment

dismissing his discrimination, retaliation, and constitutional claims arising out of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his employment with CGI Federal Inc. (CGI). The facts are known to the parties and will not be repeated here unless necessary for context.

I

The district court did not err in dismissing Hodges' Title VII race discrimination claim.[1] Even assuming that the Navy and CGI were joint employers—which the Navy agreed not to assert as a defense below—Hodges does not meet his burden of demonstrating a prima facie case of racial discrimination. Hodges must show, *inter alia*, that he was qualified for his position and performing his job satisfactorily. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). In assessing his job performance, we consider whether there existed formal write-ups for poor performance, or disciplinary notices. *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 660 (9th Cir. 2002), *as amended* (July 18, 2002). Hodges was twice formally reprimanded for being argumentative and unprofessional in 2011. Moreover, Daniel Geltmacher's undisputed declaration states that he received "a number of complaints" from various officers that Hodges "was slowing down training" beginning in 2008, well before Martinez became the

---

[1] We consider any appeal of the § 1981 or state law claims waived because neither issue was "specifically and distinctly argued in [Hodges'] opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

Range Chief in 2010. Geltmacher reported that Hodges had "interpersonal relationship issues" and rated Hodges "unsatisfactory" in this area in November 2009. Hodges does not proffer any evidence—outside of his own declaration—that he was performing satisfactorily after 2009. *See id.* at 660 (noting that "self-assessment of [plaintiff's] performance . . . [was] not the only evidence he presented" in making out a prima facie case). Therefore, the district court did not err in concluding that Hodges failed to make out a prima facie case of race discrimination under Title VII.

II

The district court also did not err in dismissing Hodges' Title VII retaliation claim. In order to establish a prima facie case of retaliation, "the employee must show that he engaged in a protected activity, he was subsequently subjected to an adverse employment action, and that a causal link exists between the two." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011).

Hodges does not demonstrate that he was engaged in any protected activity. "Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to oppose an employer's discriminatory practices." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), *as*

3

*amended* 2003 WL 21027351 (May 8, 2003) (internal quotations and brackets removed).

Hodges relies on an April 21, 2011 email he sent to one of his supervisors stating, "this is starting to be harassment" in reference to a verbal reprimand about driving a truck in the training area. Hodges' alleged complaints to a CGI human resources employee came after Hodges was seriously reprimanded and placed on a performance improvement plan. These complaints also arose after Hodges' supervisors discussed terminating his employment at Marine Corps Base Hawaii. As such, the complaints could not have been "a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). Thus, the district court did not err in dismissing Hodges' Title VII retaliation claim.

III

The district court did not err in dismissing Hodges' Fifth Amendment due process claim. The district court construed this claim as a § 1983 claim premised on a violation of the First Amendment and Fifth Amendment.[2] Hodges does not aver that this reading of the complaint was erroneous.

---

[2] Hodges does not argue that the district court erred in holding that Spencer is not subject to suit under § 1983. Accordingly, that argument is deemed waived, and we only evaluate Hodges' Fifth Amendment claim as it would apply to CGI.

We "may affirm on any ground supported by the record." *Serrano v. Francis*, 345 F.3d 1071, 1076-77 (9th Cir. 2003). If CGI were deemed a state-actor, § 1983 would not be availing because it does not apply to the federal government. *See Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("Lest there be any continuing confusion, we take this opportunity to remind the Bar that by its very terms, § 1983 precludes liability in federal government actors."). And if CGI were deemed not to be a state-actor, it could not have any liability under § 1983, which requires a finding of state-action. *See id*. at 1340 (discussing the requirement of state-action for § 1983 claims). Therefore, we affirm the district court on the basis that Hodges failed to state a claim.[3]

IV

The judgment of the district court is **AFFIRMED**.

---

[3] To the extent Hodges argues that he was not afforded Merit Systems Protection Board rights, such an argument is deemed waived because this court "do[es] not consider an issue raised for the first time on appeal." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

5